R.I. Bankr. Form W.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE:  Joseph R. Russillo                                CHAPTER 13
                                                          CASE NO. 09-10387


Debtor(s)


**1st
AMENDED CHAPTER 13 PLAN AND APPLICABLE MOTIONS DESIGNATED BELOW:**


**This amended plan:  x   Does adversely affect creditors or is filed after the 341 meeting.
                     ☐   Does *not* adversely affect creditors and is filed prior to the 341 meeting.**

Check for motions applicable to this plan amendment:

(  ) **Motion to Avoid Lien(s)**
(  ) **Motion to Modify Secured Claim(s)**
(  ) **Motion to Assume/Reject Lease(s)**
(  ) **No motions applicable to this plan amendment**


   On _____n/a_____, Debtor's original Chapter 13 plan was confirmed. If applicable,
         [date confirmed]
further amendments were made on _____n/a_____[dates of later amendments].

   This Amended Chapter 13 Plan, including certain motions and other provisions, is hereby **amended**

as follows:

   See Schedule "A" attached hereto and incorporated by reference.


**TAKE NOTICE:  Your rights may be affected. You should read this amendment to the Chapter 13 Plan carefully, including any motions contained therein, and discuss them with your attorney, if you have one, in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

   If you object to the confirmation of the proposed plan of the debtor(s) as amended, including any of the motions included therein, then you or your attorney must file with the Court a written objection to confirmation and/or to the motions contained therein at the following address:

   Clerk, U.S. Bankruptcy Court, 380 Westminster St., Providence, R.I., 02903

Clerk, U.S. Bankruptcy Court, 380 Westminster St., Providence, R.I., 02903

**OBJECTIONS:** Your objection to confirmation and/or to the motions contained in the plan must include the specific reasons for your objection, **and must be filed with the Court no later than seven (7) days before the confirmation hearing, or within twenty (20) days of service of the amendment, whichever is greater, and applicable.**

If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it on or before the deadlines stated above. You must also serve a copy of your objection to confirmation, and any applicable motions contained therein, on the debtor(s), the attorney for the debtor(s), and the Chapter 13 trustee at their addresses as they are listed in the notice of the meeting of creditors.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed plan of the debtor(s) as amended, including any motions contained therein, and may enter an order confirming the amended plan and granting the motions. **Any creditor's failure to object to confirmation of the proposed plan as amended shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. Section 1325(a)(5)(A).**

**PLAN SERVICE AND SIGNATURES:**
Pursuant to the R.I. LBR 3015-1(b), the Debtor or his/her counsel is required to serve a copy of the Chapter 13 Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a certificate of service accordingly. In addition, if the Debtor has included a Motion to Modify Secured Claim and/or a Motion to Avoid Lien in this plan, the Debtor must also comply with the service requirements contained in R.I. LBR's 3015-1(c)(1) and 4003-2.

I/We declare under penalty of perjury that the information provided in the Amended Chapter 13 Plan, including any applicable Motion(s) to Modify Secured Claim(s); Motion(s) to Avoid Certain Lien(s); and Motion(s) for Assumption and Rejection of Executory Contracts and Unexpired Lease(s), as to all matters set forth herein, are true and correct to the best of our knowledge and belief:

Dated  4/15/09                         _____
                                       Debtor's Signature

Dated _____              _____
                                       Debtor's Signature

I hereby certify that I have reviewed this document with the debtor(s) and that the debtor(s) have received a copy of this document.

Dated  4/15/09                         _____
                                       Attorney for the Debtor

In re: Joseph R. Russillo            Bk #13-09-10387

## Schedule "A" to form W.2

1. Debtor's monthly payment is changed **from $3,049.00 to $2,467.00**

2. **CLAIMS TO BE PAID THROUGH THE PLAN (INCLUDING ARREARS)** is amended by adding:

   | | |
   |---|---|
   | "National City – 2nd Mortgage | $2,805.41 |
   | "IndyMac Bank – 3rd Mortgage | $2,643.94 |

3. Total amount of secured claims to be paid through the plan is changed **from $13,288.00 to $18,737.35.**

4. **CLAIMS TO BE PAID DIRECTLY TO CREDITORS** (Not through plan) is amended by adding:

   "National City – 2nd Mortgage – Post petition payment"
   "IndyMac – 3rd Mortgage – Post petition payment"

5. **IV. UNSECURED CLAIMS** is amended to read as follows:

   B. Undersecured claims arising after lien avoidance/cramdown: **is changed from "$270,340.00 comprised of $153,763.00 (IndyMac Bank) 3rd Mortgage on property at 97 Sycamore Lane, Saunderstown, RI and $116,577.00 (National City) 2nd Mortgage on property at 97 Sycamore Lane, Saunderstown, RI" to "None".**

   C. Total of unsecured claims: **is changed from "$204,442.00 plus the deficiency balances of M&T Credit Service, LLC (Boat loan deficiency) and claims of IndyMac (3rd Mortgage Saunderstown, RI property) and National City (2nd Mortgage Saunderstown, RI property after cramdown" to "$204,442.00 plus the deficiency balance of M&T Credit Service, LLC (Boat loan deficiency)".**

6. **CALCULATION OF PLAN PAYMENT** is amended as follows:

   a. Secured claims is changed **from $13,288.00 to $18,737.75**

   d. General unsecured claims is changed **from "$204,442.00" to "$204,442.00 Plus boat loan deficiency."**

   e. Separately classified unsecured claims is changed **from "$270,340.00 (after cramdown plus Boat Loan deficiency" to "None."**

   g. Total Cost of Plan is changed **from "Up to $182,940.00" to "148,020.00".**

   h. Monthly plan payment is changed **from $3,049.00 to $2,467.00.**

R.I. Local Bankr. Form W
*See, LBR 3015-1*
(Last rev.12/1/08)

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF RHODE ISLAND

### AMENDED CHAPTER 13 PLAN and COVER SHEET

**Filing Date: April 15, 2009**                                **BK No. 13-09-10387**

**Debtor:  Joseph R. Russillo**                                SS#: xxx-xx- 2710

Address:         97 Sycamore Lane
                 Saunderstown, RI 02874

Debtor's Counsel:  Michael O. Carley, Esq. #2940
                   1206 Main Street
                   West Warwick, RI 02893

**Telephone #:** [401] 821-0901

**Facsimile #:** [401] 821-1069

e-mail #:mikecarleylaw.verizon..net

Attached to this cover sheet is the Chapter 13 Plan filed by the Debtor[s] in this case. This Plan sets out the proposed treatment of the claims of creditors. The claims are set forth in the bankruptcy schedules filed by the Debtor[s] with the Bankruptcy Court. Notwithstanding the scheduling of your claim by the Debtor[s], in order to participate in the distribution under the plan, you MUST file a proof of claim by the claims bar date contained in the Section 341 notice.
See below.

You must receive a separate notice from the Bankruptcy Court of the scheduled creditors' meeting pursuant to 11 U.S.C. Section 341. That notice will also establish the bar date for filing Proofs of Claims, as well as the date scheduled for the hearing on confirmation of the Debtor[s] Chapter 13 Plan. Pursuant to Local Bankruptcy Rule 3015-3, any objections to confirmation of a Chapter 13 Plan shall be filed no later than seven [7] days before the hearing date on confirmation.

## CHAPTER 13 PLAN

CASE NO: 13-09-10387

CHAPTER 13

PLAN PERIOD: **60** MONTHS

DEBTORS:                                                                                    SS# xxx-xx-2710

DEBTOR(S) TO PAY MONTHLY: $2,467.00

I. **SECURED CLAIMS**:

  A. **CLAIMS TO BE PAID THROUGH THE PLAN (INCLUDING ARREARS):**

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. BMW Bank of N. America | Secured Motor Vehicle Loan | $1,861.00 |
| 2. Chartway Federal Credit Union | Jet Ski Loan | $ 125.00 |
| 3. Harley Davidson Credit | Secured Motor Vehicle Loan | $ 902.00 |
| 4. IndyMac Bank | First Mortgage | $6,140.00 |
| 5. Suzuki/HSBC | Secured Motor Vehicle Loan | $ 535.00 |
| 6. Washington Mutual Bank | 1st Mortgage (Rental Property) | $3,725.00 |
| 7. National City | 2nd Mortgage | $2,805.41 |
| 8. IndyMac Bank | 3rd Mortgage | $2,643.94 |

Total amount of secured claims to be paid through the Plan: $18,737.35

  B. **CLAIMS TO BE PAID DIRECTLY TO CREDITORS** (Not through Plan):

Creditor                                              Description of Claim

1. BMW Bank of N. America – Motor Vehicle Loan – Post petition payment
2. Chartway Federal Credit Union – Jet Ski Loan – Post petition payment
3. Harley Davidson Credit – Secured Motor Vehicle Loan – Post petition payment
4. IndyMac Bank – First Mortgage – Post petition payment
5. Suzuki/HSBC – Post petition payment
6. Washington Mutual Bank (Rental Property) – Post petition payment
7. National City – 2nd Mortgage – Post petition payment
8. IndyMac – 3rd Mortgage – Post petition payment

**PRIORITY CLAIMS**:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| 1. City of Warwick | Sewer Assessment | $ 594.00 |
| 2. Commonwealth of Virginia | Alleged Income Tax Due | $None* |
| 3. Town of North Kingstown | Real Estate Taxes | $ 4,984.00 |
| 4. Town of North Kingstown | Motor Vehicle Excise Tax | $ 489.00 |

*Alleged balance is disputed. Claim is not due and owing.

**DOMESTIC SUPPORT OBLIGATION:**            NONE

Description of Obligation                    Amount

Total of Priority Claims to be paid through the Plan    $6,067.00

II. **ADMINISTRATIVE CLAIMS**:

A. Attorneys fees:            $00.00
B. Miscellaneous fees:        None

C. The Chapter 13 Trustee's fee is determined by order of the United States Attorney General. The calculation of the Plan payment set forth below utilizes a 10% trustee's commission.

In the event the trustee's commission is less than 10%, the additional funds collected by the Trustee shall be disbursed to unsecured creditors up to 100% of the allowed claim.

IV. **UNSECURED CLAIMS**:

The general unsecured creditors shall receive a dividend equal to a **pro rata distribution of their claims duly proved and allowed by the Court**

A. General unsecured claims **shall receive a dividend equal to a pro rata distribution of their claims duly proved and allowed by the Court.**

B. Undersecured claims arising after lien avoidance/cramdown: **None**

C. Total of unsecured claims **$204,442.00 plus the deficiency balance of M&T Credit Service, LLC (Boat loan deficiency).**

D. Calculation of amount of unsecured claims to be paid through Plan: **Pro rata distribution of all duly proved and allowed claims.**

    E. Separately classified unsecured claims: **NONE**

## V. OTHER PROVISIONS:

    A. Liquidation of Assets to be used to Fund Plan: None

    B. Modification of Secured Claims: **None**

    C. Additional Miscellaneous Provisions: **None**

## VI. CALCULATION OF PLAN PAYMENT

| | |
|---|---|
| a. Secured claims | $ 18,737.35 |
| b. Priority claim | $  6,067.00 |
| c. Administrative claims | $     00.00 |
| d. General unsecured claims | $204,442.00 Plus boat loan deficiency. |
| e. Separately classified unsecured claims | None |
| f. Total of (a) through (e) above: | =$ Unknown |
| g. Total Cost of Plan | =$148,020.00 |
| h. Divided by term of plan     60 months | |
| i. Monthly plan payment | =$  2,467.00 |

Pursuant to 11 U.S.C. Sec. 1326(a)(1), unless the Court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier.

### LIQUIDATION ANALYSIS

I. Real Estate:

| Address | Fair Market Value | Recorded Liens |
|---|---|---|
| 1. 97 Sycamore Lane<br>Saunderstown, RI | $645,000.00 | $981,451.00 |
| 2. 11 Westfield Road<br>Warwick, RI | $272,000.00 | $323,035.00 |

Total Net Equity for Real Estate:     $00.00

| | |
|---|---|
| Less Exemptions (Schedule C): | <u>$00.00</u> |
| Available Chapter 7: | $0.00 |

II.    Motor vehicles (Describe year, make and model):

| | Value $ | Lien $-0- | Exemption |
|---|---|---|---|
| 2008 BMW | $ 39,500.00 | $ 44,308.00 | -0- |
| 2007 Suzuki & Trailer | $ 6,410.00 | $ 8,685.00 | -0- |
| 2006 Harley Davidson Motorcycle | $ 15,600.00 | $ 13,556.00 | $2,044.00 |

| | |
|---|---|
| Net Value of Equity: | $2,044.00 |
| Less Exemptions (Schedule C): | $2,044.00 |
| Available Chapter 7: | $00.00 |

III All Other Assets

| Description | Value | Less Exemption |
|---|---|---|
| Cash/Savings | $ 6,069.00 | $ 5,726.00 |
| Household furniture | $ 5,000.00 | $ 5,000.00 |
| Books | $    200.00 | $    200.00 |
| Clothing | $    800.00 | $    800.00 |
| Jewelry | $ 2,500.00 | $ 2,500.00 |
| Camera | $    100.00 | $    100.00 |
| Qualified Retirement Acct. | $ 17,800.00 | $ 17,800.00 |
| 2006 Seadoo Jetski | $ 7,200.00 | $ 7,200.00 |
| H&K 40 Caliber Pistol | $    200.00 | $    200.00 |
| Totals: | $ 39,869.00 | $ 39,636.00 |

SUMMARY: (Total amount available under Chapter 7):    $343.00

Net Equity Plus Other Assets less all claimed exemptions:    $343.00

In the event of liquidation under chapter 7 the debtor would elect: <u>Federal Exemptions.</u>

Pursuant to the R.I. LBR 3015-1(b), the debtor or his/her counsel is required to serve a copy of the Chapter 13 Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a certificate of service accordingly.

/s/ Michael O. Carley, Esquire

Debtor's Counsel

Date: April 15, 2009

| | |
|---|---|
| Address: | Michael O. Carley, Esq. #2940 |
| | 1206 Main Street |
| | West Warwick, RI 02893 |
| Telephone #: | (401) 821-0901 |
| Facimile #: | (401) 821-1069 |

I declare under penalties of perjury that the foregoing representations of fact are true and correct to the best of my knowledge and belier.

/s/ Joseph R. Russillo (Debtor)

Date: April 15, 2009